UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 12-1819 CAS (OPx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | MICHELLE LEE MANKINS V. UNITED STATES OF AMERICA | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Terrence Swinson | Marsha Yasuda, AUSA |

**Proceedings:**   DEFENDANT'S MOTION IN LIMINE #1 (Docket #17, filed August 12, 2013)

DEFENDANT'S MOTION IN LIMINE #2 (Docket #18, filed August 12, 2013)

## I.   INTRODUCTION

Plaintiff Michelle Lee Mankins filed this case in this Court on October 22, 2012. Plaintiff alleges that she was injured in a automobile accident caused by the driver of a United States Postal Service mail truck. She asserts a claim for negligence against defendant United States of America under the Federal Torts Claims Act, 28 U.S.C. § 2671, et seq.

On August 12, 2013, defendant filed two motions in limine seeking to exclude (1) testimony by plaintiff's expert witnesses and (2) plaintiff's damages evidence relating to past and future lost earnings, future medical expenses, and undisclosed past medical expenses. Plaintiff filed oppositions to these motions on August 19, 2013, and defendant filed replies on August 26, 2013. On September 9, 203, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   ANALYSIS

### A.   Defendant's Motions in Limine.

Defendant United States moves to exclude (1) plaintiff's expert witnesses and (2) plaintiff's damages evidence. In support of its motion, defendant argues that plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1819 CAS (OPx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | MICHELLE LEE MANKINS V. UNITED STATES OF AMERICA | | |

failed to properly disclose her experts and damages evidence as required by Fed. R. Civ. P. 26. Rule 26(a)(2) requires parties to disclose, among other things, the identities of all experts expected to testify as trial, as well as a summary of their expected testimony. Similarly, Rule 26(a)(1)(A)(iii) requires disclosure of "a computation of each category of damages claimed by the disclosing party."

Here, plaintiff made her initial Rule 26 disclosure to defendant on May 3, 2013—three months after the January 25, 2013 deadline set by the Joint Scheduling Conference Report. Dkt. 7 at IV. Defendant argues that this initial disclosure was inadequate. With respect to experts, plaintiffs initial disclosure listed one retained expert and twenty-seven non-retained experts. For the single retained expert, defendant objects that plaintiff's disclosure did not include the expert report required for retained experts under Rule 26(a)(2)(B). Likewise, defendant complains that plaintiff's initial disclosure improperly repeated identical boilerplate for twenty-four of the twenty-seven witnesses, in violation of her obligation to provide a "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii).

With respect to damages, plaintiff's initial damages disclosures were limited to a paragraph stating that plaintiff had not yet fully computed her damages, and would disclose "additional damages as they become available." Yasuda Decl. Ex. 8. at 3. Defendant claims that, as of the filing of its motions in limine, plaintiff had not submitted any additional information to supplement her initial disclosure. Accordingly, defendant asks that plaintiff's experts and damages testimony be excluded pursuant to Fed. R. Civ. P. 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial."

In her opposition, plaintiff does not contest that her initial Rule 26 disclosure was inadequate. Instead, plaintiff's counsel claims that he was out of the country when the initial disclosure was made and that, although he learned that defendant considered initial disclosure to be inadequate, he believed that these problems had been remedied by others in his office. He further avers that he has experienced serious health problems over the past few months that have limited his ability to monitor this case. Decl. Eric Bryan Seuthe ¶¶ 4–5. In addition, plaintiff's counsel apologizes to the court and defense counsel for the inadequacies of the initial disclosure. Id. ¶ 6. Contemporaneous with her opposition, plaintiff supplied defendant with an amended Rule 26 disclosure. This

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1819 CAS (OPx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | MICHELLE LEE MANKINS V. UNITED STATES OF AMERICA | | |

amended disclosure (1) withdrew plaintiff's one retained expert, (2) reduced the number of non-retained experts from twenty-seven to eight, and (3) provided a revised and more detailed account of plaintiff's claimed damages.

In light of this amended disclosure, as well as the representation from plaintiff's counsel that the initial failure to comply with Rule 26 was inadvertent and the result of medical difficulties, the Court declines to exclude plaintiff's experts and damages evidence.[1]  Because the merits of plaintiff's case will turn on expert medical testimony and plaintiff's claimed future medical expenses, excluding this evidence would deal a "fatal blow" to plaintiff's case, and thus "amount[] to a dismissal of a claim." R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1247 (9th Cir. 2012). Accordingly, exclusion is only warranted if the "claimed noncompliance" with Rule 26 involved "willfulness, fault, or bad faith." Id.  Given plaintiff's counsel's proffered explanation and apology, the Court finds that there is not sufficient evidence at this point in time to show that the defects in plaintiff's initial disclosure were the product of willfulness or bad faith.

The Court finds, however, that because of the substantial quantity of new material included in plaintiff's amended disclosure, holding to the current October 1, 2013 trial date would prejudice defendant's capacity to prepare for trial.  Accordingly, the Court denies defendant's motions to exclude plaintiff's experts and damages evidence, and will, by separate minute order, set a new trial schedule.

  **B. Plaintiff's Amended Expert Disclosure**

Although the court declines to completely exclude plaintiff's experts, the Court finds that plaintiff's amended expert disclosure remains defective.  Plaintiff's amended

---

[1] At oral argument, the government further objected to testimony from plaintiff's husband, Michael McCleve. Unlike the non-retained experts, plaintiff's husband was not previously disclosed on any witness list.  Because no good cause has been shown for this omission, the Court finds that plaintiff's husband should be precluded from testifying at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1819 CAS (OPx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | MICHELLE LEE MANKINS V. UNITED STATES OF AMERICA | | |

disclosure currently list five doctors as non-retained experts.[2] The list indicates that all five doctors will testify about their opinion that the car accident caused plaintiff's injuries, as well as about plaintiff's prognosis. After reviewing plaintiff's description of these doctors' anticipated testimony, the Court concludes that all five doctors appear to offer substantially identical testimony. For instance, the disclosure indicates that Dr. Channell will "testify that plaintiff's injuries impacted her everyday life and physical activities, and precluded plaintiff's ability to perform her usual job functions as a hairstylist." Yasuda Decl. Ex 3. At 3-4. Another of plaintiff's experts, Dr. Chong, will also testify "as to the manner in which plaintiff's shoulder injury impacted her everyday life and physical activities, and precluded plaintiff's ability to perform her usual job functions as a hairstylist." Id. at 4.

Testimony from all five doctors would be needlessly cumulative under Federal Rule of Evidence 403. See, e.g., Gypsum Carrier, Inc. v. Handelsman, 307 F.2d 525, 531 (9th Cir. 1962) ("The trial court has wide discretion to limit cumulative proof."). Furthermore, at oral argument, plaintiff conceded that they plan to offer expert testimony on only two specific topics: (1) plaintiff's back and neck injuries, and (2) plaintiff's shoulder injuries. As such, plaintiff will limited to at most two medical experts. Limiting plaintiff to two medical experts will also mitigate any prejudice caused by plaintiff's tardy disclosure. And although plaintiff is precluded from calling multiple doctors to testify about causation and prognosis, this limitation only applies to expert testimony. To the extent that these doctors will testify about their past treatment of plaintiff, that past treatment remains a proper subject of lay testimony. See Walker v. Contra Costa Cnty., 2006 WL 3371438 (N.D. Cal. Nov. 21, 2006) ("A treating physician's testimony regarding observations and treatment 'are not matters outside the ken of the average juror, so Rule 702 and the disclosure obligations of Rule 26(a)(2)(A) are not triggered.'").

---

[2] Non-retained physicians may only offer expert testimony "provided that all opinions they express are *formed on the basis of their treatment of plaintiff*." Sprauge v. Liberty Mut. Ins. Co. 177 F.R.D. 78, 81 (D. N.H. 1998) (emphasis added). Only retained experts accompanied by a Rule 26(a)(2)(B) expert report may offer expert testimony not formed on the basis of treatment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 12-1819 CAS (OPx) | Date | September 9, 2013 |
|---|---|---|---|
| Title | MICHELLE LEE MANKINS V. UNITED STATES OF AMERICA | | |

## VII.  CONCLUSION

In accordance with the foregoing, defendant's motions are hereby DENIED. To the extent that defendant objects to specific components of plaintiff's amended disclosures, defendant may file further motions in limine not later than October 7, 2013. These motions should specifically identify the allegedly objectionable evidence that defendant wishes to exclude.

Plaintiff is hereby notified that she will be limited to two medical experts at trial. Plaintiff shall notify defendant of the identity of their two experts on or before September 16, 2013.

IT IS SO ORDERED.

|  | 00 | : | 15 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |